## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PAMELA QUINLAN** | * | **CIVIL ACTION NO.:  2:22-cv-00889** |
| | * | |
| **Plaintiff** | * | |
| | * | **SECTION: "  "** |
| **Versus** | * | **JUDGE:** |
| | * | |
| **JEFFERSON PARISH SHERIFF'S** | * | |
| **OFFICE and** | * | **MAGISTRATE:** |
| **ROBERT F. STOLTZ, Jr.** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Pamela Quinlan, a person of the full age of majority and a citizen of the State of Mississippi, and respectfully avers as follows:

## JURISDICTION AND VENUE:

**1.**

This Honorable Court has jurisdiction pursuant to Title 28, United States Code Sections 1331 and 1367 (and, alternatively, as to plaintiff's state law claim under Section 1332).

**2.**

Venue is proper within this judicial district pursuant to Title 28, United States Code, Section 1391.

**3.**

Made defendants herein are:

(a)    **JEFFERSON PARISH SHERIFF'S OFFICE ("JPSO")**, a body corporate political subdivision of the State of Louisiana capable of suing and being sued in this Court;

(b)    **ROBERT F. STOLTZ, JR. ("Dep. Stoltz")**, a person of the full age of majority, residing within the parish of Jefferson and the Eastern District of Louisiana, serving, at all relevant times, as a Deputy Sheriff with the JPSO. Plaintiff alleges that Dep. Stoltz, at all relevant times was acting under cover of law and within his capacity as an employee, agent, representative, and servant of the JPSO. Dep. Stoltz is sued herein in his individual capacity.

**BACKGROUND FACTS:**

**4.**

At all times relevant hereto, plaintiff is the owner/operator of a cleaning company that performs cleaning services on a contract basis for residential and commercial premises.

**5.**

On or about October 18, 2020, plaintiff was contacted by Det. Stoltz and advised that a warrant had been issued for her arrest for violations of La. R.S. 14:126.1, False Swearing for Purpose of Violating Public Health or Safety and La. R.S. 14:133, Filing or Maintaining False Public Records.

**6.**

The violation of La. R.S. 14:126.1, False Swearing for Purpose of Violating Public Health or Safety is a felony which carries a maximum sentence of five years at hard labor and a one thousand dollar fine.

**7.**

The violation of La. R.S. 14:133, Filing or Maintaining False Public Records is a felony which carries a maximum sentence of five years at hard labor and a five thousand dollar fine.

**8.**

At some time between October 18, 2020 and April of 2021, Dep. Stoltz referred the charges of violations of La. R.S. 14:126.1 and La. R.S. 14:133, to the Office of the District Attorney for the 24th Judicial District ("24th JDDA") for prosecution. The 24th JDDA initiated a prosecution of plaintiff at that time.

**9.**

On or about November 4, 2020, plaintiff was arrested by the JPSO based upon the actions of Dep. Stoltz for the purported violations of La. R.S. 14:126.1 and La. R.S. 14:133. Plaintiff was released that day on a signature bond. Upon execution of her signature bond, plaintiff became subject to the supervision and jurisdiction of the 22nd Judicial District Court for the State of Louisiana ("24th JDC") during the pendency of the charges initiated and refer to the 24th JDDA by Dep. Stoltz.

**10.**

As conditions of her bond, plaintiff was subject to the following restrictions during the pendency of the charges against her: 1) plaintiff was generally required to "appear at all stages of the proceedings in [the 24th JDC]"; 2) plaintiff was specifically required to appear at the 24th JDC on December 18, 2020; 3) plaintiff was prohibited from leaving the State of Louisiana without permission of the 24th JDC; and plaintiff was subject to submission to mandatory random drug testing at the sole discretion of the 24th JDC.

**11.**

Based upon the actions of Dep. Stoltz in referring the purported violations of La. R.S. 14:126.1 and La. R.S. 14:133, the 24th JDDA maintained a prosecution against plaintiff which consisted of initial screening of said charges, which prosecution was maintained until on or about May 17, 2021.  Plaintiff's bond restrictions remained in effect until that time.

**12.**

On or about May 17, 2021 the 24th JDDA terminated the prosecution against plaintiff by informing her by written correspondence that it was declining to further prosecute the charges referred to it by Dep. Stoltz and the JPSO.

**13.**

On or about December 4, 2021, plaintiff tendered a public records request to the JPSO seeking to obtain any and all documentation pertaining to the charges of La. R.S. 14:126.1 and La. R.S. 14:133 for which she was arrested by the JPSO and for which a prosecution was initiated and maintained by the 24th JDDA.  As a result of said public records request, the JPSO did not have possession of any investigative report regarding the purported charges against plaintiff, no copies of any probable cause affidavit executed by Dep. Stoltz or anyone else, nor any valid arrest warrant.

**14.**

Defendant, Dep. Stoltz knew that the charges of violations of La. R.S. 14:126.1 and La. R.S. 14:133 made against plaintiff for which he caused the JPSO to arrest her on or about November 4, 2020 and for which he referred to the 24th JDDA for prosecution, were not only utterly false and baseless, but completely non-existent.

**15.**

The actions of Dep. Stoltz in bringing knowingly false criminal charges against plaintiff were specifically reviewed by supervisors either with policymaking authority within the JPSO or to ensure that the actions of Dep. Stoltz were in compliance with JPSO policy.  Said supervisors approved the actions of Dep. Stoltz after review of same.  The circumstances of the arrest and referral for prosecution of utterly baseless and non-existent charges by Dep. Stoltz, as a deputy of the JPSO, are of such a nature as to establish that such actions were in accordance with established policy and/or custom of the JPSO.

## CLAIMS:

**Claim Under 42 U.S.C. § 1983:**
**Violation of the Fourteenth Amendment of the United States Constitution:**
**Deprivation of Liberty Interest without Due Process of Law:**

**16.**

Plaintiff re-alleges and re-avers paragraphs 1 through 15.

**17.**

By virtue of his conduct, Dep. Stoltz violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as averred in the following non-exclusive particulars:

a)      by wrongfully initiating or causing to be initiated felony charges against plaintiff, referring or causing to be referred said charges to the 24th JDDA for prosecution, then maintaining or causing said prosecution to be maintained until it was dismissed on May 17, 2021 by the 24th JDDA; which resulted in the pendency of a felony prosecution that caused substantial impairment to plaintiff's liberty interests;

5

**18.**

On information and belief, the violations of plaintiff's rights under the Due Process Clause by Dep. Stoltz, as noted above are part of a persistent, widespread practice of JPSO officials such that said violations are so common and well settled as to constitute a custom that fairly represents JPSO policy and for which the JPSO is therefore liable.

**19.**

On information and belief, defendant, Dep. Stoltz acted with reckless and callous indifference to plaintiff's federally protected rights under the Due Process Clause of the United States Constitution when he knowingly initiated a baseless prosecution against plaintiff on October 18, 2020, which he actively referred to the 24th JDDA for prosecution and caused same to be maintained until May 17, 2021.

**Claim Under Louisiana Civil Code Article 2315:**
**Malicious Prosecution:**

**20.**

Plaintiff re-alleges and re-avers paragraphs 1 through 19.

**21.**

Defendant, Dep. Stoltz is liable to plaintiff for malicious prosecution of plaintiff, a recognized cause of action under Louisiana law, La. C.C. Article 2315, for 1) commencing or causing to be commenced, on or about October 18, 2020; 2) a criminal prosecution by the 24th JDDA; 3) which prosecution was terminated in plaintiff's favor on May 17, 2021; 4) which prosecution was initiated by Dep. Stoltz without any probable cause; which prosecution was initiated and maintained wrongfully and with malice by Dep. Stoltz.

**22.**

The JPSO is liable for damages resulting from the malicious prosecution caused by Dep. Stoltz under the doctrine of *respondeat superior*.

**DAMAGES:**

**23.**

Plaintiff re-alleges and re-avers paragraphs 1 through 22.

**24.**

As a result of the actions of the JPSO and Dep. Stoltz in wrongfully initiating and maintaining a baseless prosecution; plaintiff has sustained substantial economic loss as a result of damage to her reputation and business, as well as the specific inability to acquire business contracts from certain customers as a result of the mere fact that the prosecution occurred.

**25.**

As a result of the actions of the JPSO and Dep. Stoltz in wrongfully initiating and maintaining a baseless prosecution; plaintiff has sustained substantial embarrassment, humiliation and mental anguish, for which the JPSO and Dep. Stoltz are liable.

**26.**

The wrongful actions of Dep. Stoltz in knowingly and wrongfully initiating and maintaining a baseless prosecution against plaintiff constituted reckless and callous indifference to plaintiff's federally protected rights under the Due Process Clause.  As such, plaintiff is entitled to recovery of punitive damages from defendant, Dep. Stoltz, for such wrongful conduct.

**27.**

As a result of the actions of the JPSO and Dep. Stoltz in wrongfully initiating and maintaining a baseless prosecution, which actions resulted in the deprivation of plaintiff's liberty

interests in violation of her rights under the Due Process Clause; plaintiff is entitled to the recovery of attorney's fees under 42 U.S.C. § 1988.

**28.**

Alternatively, plaintiff avers that her economic loss and mental anguish damages arising from the wrongful initiation and maintenance of the baseless prosecution, actionable under La. C.C. 2315, exceeds $75,000.00.

**29.**

Plaintiff hereby requests trial by jury.

8

**WHEREFORE,** plaintiff, **Pamela Quinlan**, prays that defendants, **Jefferson Parish Sheriff's Office** and **Robert F. Stoltz, Jr.** be duly cited to appear and answer this Complaint and that after all legal delays and due proceedings are had, that there be judgment in favor of **Pamela Quinlan**, and against the defendants, **Jefferson Parish Sheriff's Office** and **Robert F. Stoltz, Jr.** for all damages in such amounts as are reasonable in the premises, including a declaration that defendants' conduct violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, past and future lost economic loss and damages for mental anguish, as well as attorneys fees under 42 U.S.C. § 1988 and punitive damages as to defendant, **Robert F. Stoltz, Jr.**, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, as well as for all general and equitable relief.  Plaintiff further requests trial by jury.

Respectfully submitted,

**CLAIBORNE W. BROWN (25594)**
1070-B West Causeway Approach
Mandeville, LA  70471
Telephone:  (985) 845-2824
Facsimile:  (985) 246-3199
*cwbrown@cwbrownlaw.com*

**WAIVER OF SUMMONS**
**TO BE REQUESTED**

9