UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA QUINLAN — CIVIL ACTION

VERSUS — NO. 22-889

JEFFERSON PARISH SHERIFF'S OFFICE, ET AL. — SECTION "R" (4)

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.[1] Plaintiff opposes the motion.[2] For the following reasons, the Court grants defendants' motion.

## I. BACKGROUND

This case arises from plaintiff's alleged unlawful arrest at the hands of defendants. Plaintiff and her daughter, Chardonnay Houlette, co-owned an automotive repair shop named "Roadrunner Tires Plus, L.L.C." with Deborah Hudson, an acquaintance of plaintiff.[3] Plaintiff asserts that she and

---

1 R. Doc. 19.
2 R. Doc. 25.
3 R. Doc. 25-2 at ¶ 2 (Affidavit of Pamela Quinlan).

Hudson had a "falling out" pertaining to the operation of the business.[4] Plaintiff contacted law enforcement on February 4, 2018, alleging that Hudson had improperly evicted plaintiff from the operating premises of their business and misappropriated over $6,000 in assets belonging to the business.[5] Her complaint was referred to defendant Robert Stoltz, a detective at the Jefferson Parish Sheriff's Office.[6] At the conclusion of the investigation, Detective Stoltz declined to refer the theft allegations against Hudson for prosecution.[7] During the course of the investigation, however, plaintiff also accused Hudson of forging plaintiff's signature on a contract with a credit card processing company called TranzVia, L.L.C., making plaintiff personally liable for the obligation.[8] Detective Stoltz decided to refer the forgery accusation for prosecution, but the District Attorney's Office for Louisiana's 24th Judicial District ultimately decided not to pursue criminal charges against Hudson.[9] Stoltz then began investigating plaintiff for falsely accusing Hudson of crimes in violation of La. Rev. Stat. 14:126.1, which criminalizes "false swearing for the purpose of violating public health

---

4 *Id.* ¶ 5.
5 *Id.* ¶ 18.
6 *Id.*
7 R. Doc. 25-7 at 28.
8 R. Doc. 25-2 at ¶ 19 (Affidavit of Pamela Quinlan).
9 R. Doc. 25-7 at 28.

or safety," and La. Rev. Stat. 14:133, which proscribes "filing or maintaining false public records."

On October 18, 2020, plaintiff was contacted by Det. Stoltz and advised that a warrant had been issued for her arrest for violations of La. Rev. Stat. 14:126.1 and 14:133.[10] Plaintiff was arrested, processed, and subsequently released on bond on November 4, 2020.[11] Plaintiff alleges that upon her release, she was subject to specific bail obligations including that she consent to random drug testing, make an appearance in court on December 18, 2020, and remain in the jurisdiction absent permission from the 24th Judicial District Court to leave Louisiana.[12] She asserts that she made "multiple appearances" in court between December 18, 2020 and May 17, 2021.[13] On May 17, 2021, the District Attorney's Office for Louisiana's 24th Judicial District sent a letter to plaintiff notifying her that the state would not pursue criminal charges.[14]

Plaintiff filed this action against Detective Stoltz and the Jefferson Parish Sheriff's Office on April 4, 2022, alleging that defendants violated 42 U.S.C. § 1983 and are also liable for malicious prosecution under Louisiana

---

10 R. Doc. 3 ¶ 5 (Amended Complaint).
11 *Id.* ¶ 9.
12 R, Doc, 25-2 ¶ 28 (Affidavit of Pamela Quinlan).
13 *Id.*
14 R. Doc. 3 ¶ 11 (Amended Complaint).

law.[15] Now defendants move for judgment on the pleadings or summary judgment in the alternative.[16] Plaintiff opposes defendants' motion.[17] For the following reasons, the Court grants defendants' motion.

## II. LEGAL STANDARD

In considering a motion to dismiss, a court typically must limit itself to the pleadings and their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But a court may also consider documents attached to a motion to dismiss without converting it to a summary judgment motion if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). Because the parties have submitted, and the Court refers to, materials outside the pleadings that were not explicitly referred to in plaintiff's complaint, the Court will treat defendants' motion as one for summary judgment.

---

15 *See generally* R. Doc. 1.
16 R. Doc. 19.
17 R. Doc. 25.

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence

which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Plaintiff's Federal Claims

In her complaint, plaintiff alleges that defendants violated her Fourth and Fourteenth Amendment rights and are therefore liable under 42 U.S.C. § 1983. Section 1983 provides a cause of action for plaintiffs whose federal rights are violated under the color of state law. 42 U.S.C. § 1983; *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). To state a claim under section 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting "under color of state law." *Id.* The qualified-immunity defense to such claims shields government officials who perform discretionary functions from suit and liability under section 1983, "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (internal quotation marks omitted). Qualified immunity may "be raised in a Rule 12(b)(6) motion to dismiss." *Nguyen v. Louisiana State Bd. of Cosmetology*, No. 14-80, 2015 WL 1281959, at *1

(M.D. La. Mar. 20, 2015). At the motion-to-dismiss stage, the Court looks to "defendant's conduct as alleged in the complaint" to determine whether a defendant is entitled to qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

"Once a defendant invokes the qualified immunity defense, the plaintiff carries the burden of demonstrating its inapplicability." *Floyd v. City of Kenner*, 351 F. App'x 890, 893 (5th Cir. 2009) (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). To satisfy that burden at the motion-to-dismiss stage, the plaintiff must allege facts sufficient to demonstrate (1) that the defendant violated a constitutional right, and (2) that the violated right was "clearly established" at the time of defendants' alleged actions. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Thus, an "officer will be entitled to qualified immunity if no constitutional violation occurred or if the conduct 'did not violate law clearly established at the time.'" *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1127 (2022). It is within the Court's discretion to decide which prong to address first. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citing *Pearson*, 555 U.S. 223, 236 (2009)).

Here, plaintiff asserts claims based on purported Fourth Amendment violations pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), as well as

liability for malicious prosecution. She has failed to press any other potential claims in opposition to defendants' motion, and has therefore abandoned all but her *Franks* and malicious prosecution claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that plaintiff's failure to defend a claim in response to the defendant's motion to dismiss constituted abandonment of the claim). The Court addresses the *Franks* and malicious prosecution claims below.

*1. Plaintiff's* Franks *Claim*

Defendants move for summary judgment on the basis that plaintiff's claims are time-barred.[18] Although section 1983 does not contain a statute of limitations, "district courts use the forum state's personal injury limitations period." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1 994). Because section 1983 claim is best characterized as a tort under Louisiana law, it is governed by the one-year prescriptive period for delictual actions dictated by Louisiana Civil Code article 3492. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985); *Parrino v. Board of Supervisors of La. State Univ.*, 1990 WL 136764, at *1 (E.D.La. Sept. 13, 1990) (collecting cases). Here, the parties dispute when the one-year prescriptive period began to run.

18 R. Doc. 19-1 at 10-13.

In opposing defendants' motion, plaintiff points to *Heck v. Humphrey*, 512 U.S. 477 (1994), which suggested that a malicious prosecution claim does not accrue until the criminal proceeding terminates in favor of the accused. *Id.* at 484. But while this may be true as to the malicious prosecution claim, the *Franks* claim—to the extent that plaintiff presses such a freestanding claim—is of a different nature than malicious prosecution and accrues at a different time.

The Fifth Circuit "has recognized two different kinds of claims against government agents for alleged Fourth Amendment violations in connection with a search or arrest warrant: (1) claims under *Franks v. Delaware*, 438 U.S. 154 (1978)," and "(2) claims under *Malley v. Briggs*, 475 U.S. 335 (1986)." *Melton v. Phillips*, 875 F.3d 256, 270 (5th Cir. 2017) (en banc) (Dennis, J., dissenting); *see also Wilson v. Stroman*, 33 F.4th 202, 206 (5th Cir. 2022) (analyzing plaintiffs' "two alternative" Fourth Amendment claims, "one premised on *Malley* . . . and the other premised on *Franks*").

Under the first type of claim, known as *Franks* liability, "a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Winfrey v. Rogers*, 901 F.3d

483, 494 (5th Cir. 2018) (quoting *Franks*, 438 U.S. at 155-56). The Fifth Circuit has likewise held that "the intentional or reckless omission of material facts from a warrant application [or affidavit] may amount to a Fourth Amendment violation." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

But a *Franks* claim stemming from an alleged unlawful seizure is essentially a type of false arrest claim. *Cf. Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) ("Here, the clearly established constitutional right asserted by [the *Franks* plaintiff] is [the right] to be free from police arrest without a good faith showing of probable cause."); *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021) ("Functionally, the holding of *Franks* is an exception to the independent intermediary doctrine, which provides that 'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'" (quoting *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010))). Further, the Supreme Court has explained that "[f]alse arrest and false imprisonment overlap [such that] the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accordingly, the applicable prescriptive period is congruent with that of a claim for false imprisonment,

which begins to run "when the alleged false imprisonment ends." *Id.* Here, it is undisputed that plaintiff was released from custody on November 4, 2020. Accordingly, whatever *Franks* claim that plaintiff may have had as a result of her arrest prescribed on November 4, 2021, five months before plaintiff filed her complaint initiating this matter. Defendants are therefore entitled to summary judgment on plaintiff's *Franks* claim.[19]

### 2. *Federal Malicious Prosecution Claim*

Defendants move for summary judgment on the basis that they are entitled to qualified immunity. Because the Fifth Circuit did not recognize a freestanding claim for malicious prosecution under § 1983 at the time of the facts underlying this case, the Court finds that defendants are entitled to qualified immunity.

The Supreme Court and the Fifth Circuit have recently recognized "that litigants may bring Fourth Amendment malicious prosecution claims under § 1983." *Wallace v. Taylor*, No. 22-20342, 2023 WL 2964418, at *6 (5th Cir. Apr. 14, 2023) (citing *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022)).

---

19 To the extent that plaintiff marshals *Franks* as a basis for her malicious prosecution claim, that claim is dismissed for the reasons discussed in Section III.A.2, *infra*.

Indeed, just two months ago, the Fifth Circuit reaffirmed that the elements for a section 1983 malicious prosecution claim are as follows:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (citing *Gordy v. Burns*, 294 F.3d 722, 727 (5th Cir. 2002)). But such a claim was not recognized by the Fifth Circuit at the time of plaintiff's arrest and alleged malicious prosecution. *Cf. Morgan v. Chapman*, 969 F.3d 238, 251 (5th Cir. 2020) ("Under this circuit's precedents, there is no constitutional right to be free from abuse of process or malicious prosecution."). In 2003, the Fifth Circuit held that malicious prosecution, "standing alone[,] is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc). The en banc court thereby overruled previous authorities recognizing federal malicious prosecution claims pursuant to section 1983. *See, e.g.*, *Gordy*, 294 F.3d at 727. Thus, there was no cause of action for malicious prosecution in the Fifth Circuit from the time that *Castellano* was decided in 2003 until the Supreme Court's 2022 *Thompson* decision. *Wallace*, 2023 WL 2964418, at *6. All of the conduct plaintiff complains of terminated by May 17, 2021, when the District Attorney notified

plaintiff that the state would not pursue criminal charges against her. Clearly, there was no cause of action for malicious prosecution at the time of the conduct challenged here. Defendants are therefore entitled to qualified immunity, as a claim that is "expressly not recognized is the antithesis of a clearly established one." *Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094, 1096 (5th Cir. 2022). Defendants' motion for summary judgment is granted as to plaintiff's federal malicious prosecution claim.

## B. Plaintiff's Pendent State-Law Claim

Under 28 U.S.C. § 1367(c)(3), when federal-law claims that serve as the basis of subject matter jurisdiction are dismissed, and only state-law claims based on supplemental jurisdiction remain, a district court has broad discretion to decline jurisdiction over the remaining claims. *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished, [and] the decision as to whether to retain the pendent claims lies within the sound discretion of the district court."). In deciding whether to hear any remaining state-law claims, courts are to "analyze the statutory and common law factors that are relevant to the question of its jurisdiction

over pendent state law claims." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). The relevant statutory factors are those found in section 1367, including "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)). The common law factors include judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). The "general rule" is for courts to decline to exercise jurisdiction over remaining state-law claims when all federal claims have been dismissed prior to trial. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

As to the first statutory factor, the state-law malicious prosecution claim raises unresolved issues of Louisiana law. Indeed, the parties cite conflicting authorities regarding whether a plaintiff may bring a claim for malicious prosecution when no criminal prosecution was formally "instituted" by indictment or information. *Compare Edmond v. Hairford*, 539 So. 2d 815, 817 (La. App. 3 Cir. 1989) ("With regard to the tort of malicious prosecution the trial judge correctly found that plaintiff failed to show the commencement or continuation of an original criminal proceeding

[ . . .] because no information or indictment was ever filed."), *with Winn v. City of Alexandria*, 685 So. 2d 281, 285 (La. App. 3 Cir. 1996) (stating that "*where a grand jury has returned a no bill*, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant." (quoting *Robinson v. Rhodes*, 300 So. 2d 249, 251 (La. App. 2 Cir. 1974))). Therefore, the first factor favors dismissal. Likewise, because no federal claims remain, the second and third factors favor dismissal. Lastly, the fourth factor is neutral as there are no exceptional circumstances here.

On balance, the common-law factors favor dismissal as well. The common-law factor of comity "demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Enochs*, 641 F.3d at 160 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)). Given that only a state-law claim remains in this case, the adjudication of which would require resolving contested issues of Louisiana law, the factor of comity weighs in favor of dismissal.

The judicial economy factor is less straightforward. This case commenced over a year ago, and requiring the plaintiff to re-file her remaining claim in state court when trial is scheduled in three weeks is certainly a hardship. But by the same token, only minimal adjudication of this matter has occurred. Case-dispositive motions were not filed prior to the instant motion, and the Court has not yet considered the merits of plaintiff's state-law claim. Further, the parties recently moved for a continuance and represented that they needed additional time to conduct discovery.[20] On balance, the Court finds that this factor is neutral.

The convenience factor, on the other hand, favors dismissal. The state court that would likely hear this matter would be the 24th Judicial District Court in Jefferson Parish. It is a more convenient forum than the United States District Court for the Eastern District of Louisiana in Orleans Parish. The underlying events occurred in Jefferson Parish and most of the witnesses are located there. *Cf. Enochs*, 641 F.3d at 160 ("[I]t is certainly more convenient for the case to have been heard in the Texas state court . . . where all of the parties, witnesses, and evidence were located."). Accordingly, the convenience factor favors declining jurisdiction.

---

[20] R. Doc. 14.

As to fairness, the parties do not identify any reasons why a state court would be unlikely to fairly resolve the remaining claim. And, although trial is rapidly approaching, courts routinely remand cases near the trial date when all federal claims have been dismissed. *See Broussard v. Huntington Ingalls, Inc., et al.*, No. 20-836, R. Doc. 228 (E.D. La. Mar. 7, 2022) (granting motion for remand filed less than three weeks before trial); *Danos, et al. v. Huntington Ingalls, Inc., et al.*, No. 20-847, R. Doc. 328 (E.D. La. Oct. 14, 2022) (granting motion for remand filed one month before trial).

In sum, three of the four statutory factors weigh in favor of declining to exercise pendent jurisdiction, and, on balance, the common-law factors favor declining jurisdiction. The Court thus finds no reason to depart from the "general rule" that federal courts should decline to exercise jurisdiction over the remaining state-law claim when all federal claims have been dismissed prior to trial is warranted here. *Smith*, 298 F.3d at 446-47. The Court dismisses plaintiff's state-law malicious prosecution claim without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment IN PART. Plaintiff's federal claims are DISMISSED

WITH PREJUDICE. Plaintiff's state-law malicious prosecution claim is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 25th day of April, 2023.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE